## CHARLES W. DAVIS *vs.* DENNIS F. CROWLEY.

Penobscot County. Decided November 28, 1923. This is an action to recover damages for personal injuries received by the plaintiff September 26, 1921, while the plaintiff was in the service of the defendant in the construction of a sewer in the town of Orono.

Under the provisions of Public Laws of 1919, Chapter 238, plaintiff's contributory negligence is not involved. The jury returned a verdict for the plaintiff for the sum of $1,004.25. The case is before us on general motion.

We have examined the record with great care and are unable to discover where the jury erred in finding that the defendant was negligent, and that the injury complained of was caused by such negligence.

As to the claim that the damages are excessive, it clearly appears that prolonged suffering and total incapacity for labor for many months resulted from the injury. To fix the amount of damages was a duty of the jury. We cannot say from the record that the damages are excessive. Motion overruled. *F. W. Knowlton and Frank Fellows*, for plaintiff. *George E. Thompson*, for defendant.

---

## JOHN McGLINCHEY *vs.* WILLIAM H. MURPHY.

Aroostook County. Decided December 20, 1923. Defendant's motion that the verdict, which is adverse to him, be set aside and avoided, on the grounds that it offends the law, is against the evidence, and carries an excessive award of damages, is overruled.

The major premise of the case was one of credence between the immediate parties, and that closely disputed point of fact was settled in the jury's province favorably to the conclusion for which the plaintiff contended. Another jury, on a similar record, might have found that the defendant never owed wages to the plaintiff, or that the latter already had been fully paid for caretaking at the lumberman's supply camps on the shore of Telos Lake in the northern

woods, and such a finding should seem to resist an attack made on the score of plain wrong. But that would not affect this situation.

The underlying issue being decided, in conformity to legal rules, the amount of damages was fixed appropriately enough. Motion overruled. *Nathaniel Tompkins*, for plaintiff. *George E. Thompson*, for defendant.

---

### THEODORE MARATTA'S CASE.

Washington County. Decided December 21, 1923. The record in the above case and the accompanying motion present so many irregularities that the Law Court deem it for the best interest of all parties to dismiss the appeal without prejudice, annul the finding of the Commission, and order a hearing on the petition de novo. Appeal dismissed without prejudice. *Pattangall, Locke & Perkins*, for petitioner. *Curran & Curran*, for respondents.

---

### FRED O. HERRICK

*vs.*

### ELDRIDGE BROTHERS AND UNITED STATES FIDELITY & GUARANTY CO.

Penobscot County. Decided January 24, 1924. This is a Workman's Compensation case in which compensation was awarded. From the decree so awarding, an appeal was taken by the insurance carrier. The record clearly shows that the accident was such in its nature, and in the place and time of its occurrence, that the petitioner is not entitled to the benefits arising under the provisions of the Workmen's Compensation Act. The finding of the Chairman of the Industrial Accident Commission is error. Appeal sustained. *W. B. Peirce*, for petitioner. *Merrill & Merrill*, for respondents.